# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
)
v. )
)
) ID No. 1307020184
ROBERT MOODY, )
)
)
Defendant. )

## OPINION

**Submitted:** August 28, 2017
**Decided:** November 30, 2017

*Upon Defendant's Motion for Postconviction Relief,* **DENIED.**

Cynthia Hurlock, Deputy Attorney General, Department of Justice, Carvel State Office Building, 820 North French Street, 7th Floor, Wilmington, Delaware 19801

Julianne E. Murray, Esquire, Murray Phillips P.A. 215 E. Market Street, Georgetown, Delaware 19947

**BRADY, J.**

# I. FACTS AND PROCEDURAL HISTORY[1]

In the early morning hours of July 25, 2013, a Wilmington Police Officer, while patrolling a high-crime neighborhood, observed Defendant Robert Moody riding his bicycle with a noticeable bulge around his right rear waistline. Based on the Officer's training and experience, he believed Defendant was armed with a firearm. The Officer ordered the Defendant to stop and sounded his air-horn. The Defendant looked directly at the Officer and performed a "security check" of his right rear waistline with his hand.[2] The Defendant then sped up and turned down an alleyway behind the vacant Walt's Flavor Crisp store. The Officer intercepted the Defendant at the end of the alley and ordered him to get on the ground, at which point the Officer noticed the Defendant no longer had a bulge in his waistline. The Defendant was arrested after the Officer discovered a .357 Magnum loaded with 3 live rounds of ammunition on the roof of one of the buildings that bordered the alley. On March 21, 2014, after a two-day trial, a jury convicted Defendant of Carrying a Concealed Deadly Weapon ("CCDW"), Possession of a Firearm By a Person Prohibited ("PFBPP"), and Possession of Ammunition By a Person Prohibited ("PABPP"). On May 16, 2014, Defendant filed an untimely *pro se* Motion to Set Aside the Verdict. In the interest of justice, this Court considered the motion as a motion for a new trial, and denied the motion. On July 24, 2014, Defendant was sentenced to a total of 21 years at Level V imprisonment, suspended after 5 years for decreasing levels of supervision. A Notice of Appeal was timely filed on August 5, 2014, and Defendant's trial counsel filed a Rule 26(c) brief and Motion to Withdraw as Counsel. The Supreme Court granted the Motion to Withdraw, denied the Motion to Affirm, and appointed appellate counsel to represent Defendant

---

[1] The facts herein are taken from the factual recitation in the decision of the Supreme Court on direct appeal. *Moody v. State*, 133 A.3d 981, 2016 WL 768353 (Del. Feb. 26, 2016).

[2] Aff. of Probable Cause, *State v. Moody*, ID No. 1307020184, A-158 (July 25, 2013).

2

in a direct appeal. On February 26, 2016, the Supreme Court of Delaware affirmed Defendant's

convictions. Defendant filed a timely *pro se* Motion for Postconviction Relief on April 28, 2016

and a Motion for Appointment of Counsel on May 24, 2016. In his *pro se* Motion, Defendant

raised issues of ineffective assistance of counsel against both his trial and appellate counsels.

This Court directed the Office of Conflict Counsel to appoint counsel for the Defendant, and on

October 3, 2016, counsel was appointed. Appellate counsel filed a Rule 61(g) Affidavit

addressing Defendant's claims on June 13, 2016, and trial counsel filed a Rule 61(g) Affidavit on

November 9, 2016. On February 10, 2017, Defendant filed an Amended Motion for

Postconviction Relief alleging two claims of ineffective assistance of counsel against trial

counsel only.[3] Trial counsel filed a Supplemental Affidavit on March, 27, 2017, addressing

Defendant's claims in the Amended Motion. After two requests for extension from appointed

counsel and one extension request from the State, this Court issued an amended scheduling

order, giving the State until July 10, 2017 to file a response addressing the merits of the claim,

and Defendant until August 18, 2017 to file a final response. The Court received Defendant's

final submission on August 28, 2017. This is the Court's decision.

## II. PARTIES' CONTENTIONS

### A. Defendant's Amended Motion

Defendant makes two claims of ineffective assistance against his trial counsel. First,

Defendant claims trial counsel was ineffective because he stipulated the Defendant was a person

---

[3] In his *pro se* Motion, Defendant made one claim of ineffective assistance of counsel against his appellate counsel for failure to raise issues related to suppression of the weapon. In a letter dated March 28, 2017, the court appointed counsel for the Defendant indicated she "found no claims of ineffective assistance of counsel related to Mr. Koyste." Letter from Julianne Murray, Docket 55, (Mar. 28, 2017). The Court agrees. The suppression issue was not raised in the trial court, and therefore, could not be raised on appeal. The Supreme Court generally declines to review contentions not raised below and not fairly presented to the court below for decision. Rule 5(7), Del.C. Ann. (citing *Jenkins v. State*, 305 A.2d 610, at 613 (Del. 1973).

3

prohibited, which resulted in prejudice against the Defendant.[4] Defendant asserts that this Court has a longstanding practice to permit severance of the PFBPP charge because "the jury 'may be unable to compartmentalize their judgment of guilt or innocence with regard to each of the separate counts of the indictment, and may infer a general criminal disposition.'"[5] Defendant further asserts there is no sound reason for trial counsel to admit the Defendant was a person prohibited, and that stipulation to that fact likely confused the jury and it is "reasonably likely that the jury convicted Defendant of PFBPP based solely on the stipulation."[6] Defendant also claims "the stipulation made it more likely for the jury to convict Mr. Moody of the Carrying a Concealed Weapon charge."[7] Defendant asserts that the stipulation "left the jury free to speculate as to Mr. Moody's alleged propensity to possess and carry guns."[8]

Defendant then alleges trial counsel was ineffective for failing to move to suppress the gun found as a result of an improper stop. Defendant argues the police lacked a reasonable and articulable suspicion to order him to stop; therefore, the seizure of the gun was a result of an illegal stop and trial counsel should have objected to its admission at trial. Defendant contends that trial counsel's failure to move to suppress the gun prejudiced the Defendant.

### B. Trial Counsel's Affidavit

Defendant's trial counsel filed two Affidavits responding to Defendant's claims. He denies any allegations of ineffective assistance of counsel.

Trial counsel avers that he "believed there was no good faith basis to file a motion to sever given client's defense of actual innocence." Trial counsel contends that the Court did not

---

[4] Def's Amended Mot. For Postconviction Relief, *State v. Moody*, ID No. 1307020184, Docket 59, at 16-17 (Feb. 10, 2017).
[5] *Id.* citing *Massey v. State*, 953 A.2d 2010, 218 (Del. 2008).
[6] *Id.* at 17.
[7] *Id.*
[8] *Id.*

have a consistent approach to Person Prohibited charges at that time.[9] He further avers that his strategy was to draw "as little attention as possible to client's prohibited status and focusing on the reasonable doubt evidence and arguments concerning constructive possession."[10] Trial counsel also avers he "believed there was no good faith basis to file a motion to suppress" upon review of the evidence and relevant search and seizure law.[11]

### C. State's Response

The State contends Defendant's trial counsel's stipulation was a "sound strategic decision that minimized any prejudice from the charges being tried together and that also kept Moody's prior felony conviction from being presented to the jury at trial on the PFBPP charge."[12] The State further contends that Defendant fails to satisfy the prejudice prong of *Strickland*,[13] even if counsel was ineffective.[14]

The State contends trial counsel's decision to not move for suppression of the gun fell within the wide range of reasonable professional assistance. The State argues the Officer had a reasonable suspicion to order Defendant to stop, and later had probable cause to arrest the Defendant; therefore, a motion to suppress would have been denied, and Defendant's claim fails for lack of prejudice.[15]

---

[9] Trial Counsel's Supplemental Rule 61(g) Aff., *State v. Moody*, ID No. 1307020184, Docket 58, at ¶2 (Mar. 27, 2017).
[10] *Id.*
[11] Sentencing (Trial) Counsel's Aff., *State v. Moody*, ID No. 1307020184, Docket 52, at ¶2 (Nov. 16, 2016).
[12] State's Resp. to Def's Am. Mot. for Postconviction Relief, *State v. Moody*, ID No. 1307020184, Docket 57, at 12 (Jun. 13, 2017) (herein as "State's Resp.").
[13] *Strickland v. Washington*, 446 U.S. 668 (1984).
[14] State's Resp., at 13.
[15] *Id.* at 17-18.

## III. APPLICABLE LAW

To prevail on claims of ineffective assistance of counsel, the defendant must meet the two-prong test set forth by the United States Supreme Court.[16] Defendant must establish that: (i) his counsel's representation was deficient in that it fell below an objective standard of reasonableness; and (ii) that deficient performance prejudiced the defense.[17] When assessing counsel's performance, a court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[18] A defendant must overcome the presumption that the challenged action or lack of action by counsel might be considered "sound trial strategy."[19] Additionally, defendant must show that the deficiencies in counsel's performance were prejudicial to the defense,[20] in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[21]

## IV. DISCUSSION

### A. Procedural Bars

Before addressing the merits of Defendant's claims, the Court must apply the procedural bars set forth in Superior Court Criminal Rule 61(i) in effect at the time the motion was filed.[22] Pursuant to that version of Rule 61, this Court must reject a motion for postconviction relief if it is procedurally barred. The Rule provides that a motion is procedurally barred if the motion is untimely, repetitive, a procedural default exists, or the claim has been formerly adjudicated.[23] Rule 61(i)(1) provides that a motion for postconviction relief is time barred when it is filed more

---

[16] *Strickland*, 446 U.S. 668.
[17] *Id.* at 687.
[18] *Id.* at 688.
[19] *Id.*
[20] *Id.* at 692.
[21] *Id.* at 694.
[22] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[23] *See* Super. Ct. Crim. R. 61(i)(1)-(4).

than one year after the conviction has become final or one year after a retroactively applied right has been newly recognized by the United States Supreme Court or by the Delaware Supreme Court.[24] Rule 61(i)(2) provides that a motion is repetitive if the defendant has already filed a Motion for Postconviction Relief and that a claim is waived if the defendant has failed to raise it during a prior postconviction proceeding, unless "consideration of the claim is warranted in the interest of justice."[25] Rule 61(i)(3) bars consideration of any claim "not asserted in the proceedings leading to the conviction" unless the petition can "show cause for relief from the procedural default" and "prejudice from violation of the movant's rights."[26] Rule 61(i)(4) provides that any claim that has been adjudicated "in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in the federal habeas corpus proceedings" is barred "unless reconsideration of the claim is warranted in the interest of justice."[27]

The Court finds no procedural bars as to the claims of ineffective assistance against trial counsel.

## B. Analysis of Defendant's Claims

i. *Trial counsel was not ineffective for stipulating that Defendant was a person prohibited.*

The Court finds trial counsel made a strategic decision not to sever the charges, and finds no ineffectiveness in the decision to stipulate to Defendant's prohibited status. The Defendant was facing three charges related to possession of a firearm. In a bifurcated trial for the two Possession by Person Prohibited charges, evidence of Defendant's 2006 felony conviction would be presented to a jury to establish that Defendant was a person prohibited. Defendant may

---

[24] Super. Ct. Crim. R. 61(i)(1).
[25] Super. Ct. Crim. R. 61(i)(2).
[26] Super. Ct. Crim. R. 61(i)(3).
[27] Super. Ct. Crim. R. 61(i)(4).

contend "it is the longstanding practice of this Court to permit severance of that charge," but even if severance were granted, it would be to establish a separate trial date for the charge of CCDW. Any trial on the charges of PFBPP requires the jury to find, as an element of the offense, that the Defendant was prohibited by law from possessing the weapon. There are only two ways to do that—the parties so stipulate or the finder of fact hears the evidence that establishes the Defendant is so prohibited. There is no prejudice to the Defendant as to the PFBPP charges as a result of trial counsel's strategic decision to proceed with the stipulation.

Further, there is sound question whether *any* court would have granted severance in this matter. This Judge would not have done so. The only charge, apart from the PFBPP charges, is the CCDW charge. Based on the nature of the offense, and in the interest of judicial economy, there is no sound basis to sever the charges. "Whether the Court chooses to sanitize or sever a case is discretionary… Superior Court Criminal Rule 8 provides that 'two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged are of the same or similar character or are based on the same act or transaction.'"[28] Conversely, Superior Court Criminal Rule 14 provides that "severance is appropriate where the defendant can show prejudice from the joinder."[29] The Delaware Supreme Court held that "notwithstanding the frequency with which Person Prohibited charges are severed, a defendant making an ineffective assistance of counsel claim must show that joinder of the offenses was sufficiently prejudicial that it was objectively unreasonable for defense counsel not to move for severance."[30] The Court finds the trial counsel's decision not to sever the

---

[28] *State v. Grayson*, 2017 WL 1093939, * 1 (Del. Super. Ct. Mar. 22, 2017).
[29] Super. Ct. Crim. R. 14.
[30] *Dale v. State*, 155 A.3d 833, 2017 WL 443705, *2 (Del. 2017).

charges did not prejudice the Defendant, and a motion to sever would have been denied had it been timely made.

ii. *Trial counsel was not ineffective for failing to move to suppress the gun.*

The Court finds no ineffectiveness in trial counsel's decision not to move to suppress the gun, and that even if ineffective not to do so, the Defendant can show no prejudice. The Court finds that any motion to suppress the gun would have been denied had trial counsel made a timely filing. Under the totality of the circumstances alleged by the Officer, the Court finds that the Officer had a reasonable and articulable suspicion to order the Defendant to stop when he observed the Defendant traveling the wrong way on a one-way street with a large bulge on his waistline, in a high-crime area between midnight and 1AM, taking a "security check" of the object under his clothes when the Officer yelled "stop," and fleeing down an alley away from the Officer.

The Defendant relies on *Jones v. State,*[31] a case in which the defendant's detention was justified by the police based on his mere presence in a high crime area. The Court found there were no other substantial factors that rose to the level of reasonable suspicion to justify the detention. This case differs from *Jones,* in that the Defendant was not ordered to stop merely because of his presence in a high crime area. Pursuant to 11 *Del. C.*§1902, "a peace officer may stop any person abroad, or in a public place, who the officer has reasonable ground to suspect is committing, has committed or is about to commit a crime"[32] A reasonable ground is determined by evaluating the "totality of the circumstances as viewed through the eyes of a reasonable, trained police officer in the same or similar circumstances."[33] As recited above, the Officer in

---

[31] 745 A.2d 856 (1999).
[32] 11 *Del. C.* §1902(a).
[33] *Jones,* 745 A.2d 856, at 861.

9

this case perceived other factors as suspicious based on his training and experience that justified the decision to stop the Defendant.

## V. CONCLUSION

The *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable."[34] Defendant has not established his attorney's conduct fell below the applicable standard. Further, when setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice or risk summary dismissal.[35] The Defendant has not shown with reasonable probability that he was prejudiced by the alleged deficiencies.

For the foregoing reasons, Defendant's Motion for Postconviction Relief is **DENIED.**

**IT IS SO ORDERED.**

**M. Jane Brady**
Superior Court Judge

---

[34] *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990) (citing *Kimmelman v. Morrison*, 106 S.Ct. 2574, at 2586 (1986)).
[35] *State v. Coleman*, 2003 WL 22092724, at *2 (Del. Super. Feb. 19, 2003) (citing *Strickland*, 466 U.S. at 689 (1984) (citation omitted)).